97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rachelle Ranae SHANNON, aka Shelly Shannon, Defendant-Appellant.
 Nos. 95-30315, 95-30316.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Aug. 27, 1996.
 ORDER
 
 1
 The memoranda filed August 15 and August 22, 1996 are withdrawn.
 
 
 2
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,* District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Defendant Rachelle Ranae Shannon pled guilty to several counts of arson and arson-related crimes. The district court sentenced her to twenty years in prison. Defendant appeals three aspects of the district court's calculation of her sentence under the United States Sentencing Guidelines. We affirm.
 
 
 5
 Defendant first contends that the district court's factual finding that Dr. Tiller sustained life-threatening bodily injury (and corresponding four-level upward adjustment pursuant to U.S.S.G. § 2A2.1(b)(1)(A)) was clearly erroneous. However, given the substantial amount of blood loss caused by the gunshot wounds, we cannot say that the district court's factual finding was clearly erroneous. See Concrete Pipe & Prod. v. Const. Laborers Pension Trust, 113 S.Ct. 2264, 2280 (1993) ("... review under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.' ").
 
 
 6
 Next, Defendant argues that in calculating her "reasonable incremental punishment" pursuant to U.S.S.G. § 5G1.3(c), the district court improperly failed to subtract her 12-month criminal contempt sentence from her "hypothetical combined sentence." However, had Defendant been sentenced for criminal contempt at the same time as all of the other offenses, the district court, in order to "vindicat[e] the authority of the court," United States v. United Mine Workers of America, 330 U.S. 258, 302 (1947), could well have required the contempt sentence to run consecutively to all other sentences imposed. See United States v. Lach, 874 F.2d 1543, 1549-50 (11th Cir.1989). Accordingly, it was not error to exclude the sentence for criminal contempt from the guidelines sentence calculation.
 
 
 7
 Lastly, Defendant argues that the district court's three-level upward departure for "extreme conduct" pursuant to U.S.S.G. § 5K2.8 was clearly erroneous. However, evidence in the record indicates that Defendant's activities caused extensive fear and pain far beyond that ordinarily associated with arson, interfering with commerce by violence, or even attempted murder. Accordingly, the district court did not clearly err by imposing a three-level upward departure pursuant to U.S.S.G. § 5K2.8.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3